## Kingman & Company v. Frank Glover.

1. EVIDENCE--*What is Proper in Rebuttal.*—A part of mortgaged property having been removed from the State, a new mortgage was given upon the items so removed. The main question of fact was whether it was the intention of the parties that the lien of the old mortgage upon the property in controversy which was not removed from the State was released and abandoned. One party having testified that it was so understood and agreed, the other called in rebuttal a witness by whom he sought to prove that there was no such understanding, but the court refused to admit the proof. *Held*, error.

Memorandum.—Replevin. Appeal from the County Court of Moultrie County; the Hon. J. D. PURVIS, County Judge, presiding. Heard in this court at the November term, 1893. Reversed and remanded. Opinion filed February 12, 1894.

The opinion states the case.

HARBAUGH & WHITAKER, attorneys for appellants.

W. G. COCHRAN, attorney for appellee.

*Defendant's 5th instruction assigned for error:*

If the jury believe from the evidence that the notes secured by the mortgage under which plaintiff claims to hold the property in question are paid or have been merged into a judgment against the maker thereof, then the jury should find for the defendant.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was replevin for two horses, included in a chattel mortgage given by one N. A. Glover to the appellants. A part of the mortgaged property having been removed from the State, a new mortgage was given upon the items so removed, and the main question of fact was, whether it was the intention of the parties that the lien of the old mortgage upon the horses in controversy, which were not removed from the State, should be released and abandoned. The appellee having testified that it was so understood and agreed, the appellants called in rebuttal one Reed, by whom they sought to prove that there was no such understanding, but the court refused to permit the proof. We see no ground for such refusal. It is argued in behalf of appellee that Reed knew nothing of his own knowledge, and that he was proposing to detail what he had learned from others, but it does not so appear from the record.

He stated in answer to preliminary questions that he was the general agent of the appellants and had in charge the transaction between them and the appellee.

There was no intimation that he was about to testify to matters of hearsay.

There was nothing upon which the court could assume in advance that his answer would be objectionable for that cause, and so the ruling was erroneous.

It is error also to give the fifth instruction asked by appellee, to the effect that if the notes secured by the mortgage had been merged in a judgment, the jury should find for defendant.

Appellee, by his counsel, admits that the instruction was faulty, but contends that no harm was done because, as he

assumes, the finding of the jury was based on another ground.

It is not apparent that such was the case. The ground supposed, that the value of the property was beyond the jurisdiction of the justice of the peace before whom the suit originated, was by no means conclusive, the evidence being in conflict; but this instruction made a verdict for appellee a certainty since there was no doubt that the notes had been so merged.

The judgment will be reversed and the cause remanded.